IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TEXAS TERMINALS, LIMITED PARTNERSHIP | § § § § | |
| v. | § § § | C.A. NO. 4:17-cv-01415 |
| THORCO SHIPPING AMERICA, INC. & THORCO SHIPPING A/S | § § | |

### ORIGINAL ANSWER OF THORCO SHIPPING A/S

Defendant, Thorco Shipping A/S, makes this limited appearance and voluntarily submits to this Court's jurisdiction solely for the purposes of this litigation and the convenience of the parties, and only with regard to Plaintiff, Texas Terminals, Limited Partnership's, claims asserted against it in Plaintiff's First Amended Original Petition (the "Petition") filed in Harris County state court. Defendant files this Original Answer and would show the Court as follows:

### FIRST DEFENSE

The allegations contained in Plaintiff's Petition fail to state a claim upon which relief may be granted against Defendant pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

Subject to and without waiving any of the foregoing, Defendant answers the allegations using the same numbering as used in the Petition and would show as follows:

The first unnumbered paragraph requires no response.

PD.21426631.1

1. This paragraph contains legal assertions and therefore requires no response. To the extent a response is required, denied.

2. This paragraph contains legal assertions and therefore requires no response. To the extent a response is required, denied.

3. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegation contained herein. To the extent a response is required, denied.

4. Admitted.

5. Admitted.

6. Denied that Thorco Shipping America, Inc. ("Thorco Agent") is a proper party to this matter, therefore, denied.

7. Admitted that Plaintiff is a terminal operator and stevedoring company operating along the Houston Ship Channel. Defendant is without information sufficient to form a belief as to the truth or falsity of the remaining allegations contained herein. To the extent a further response is required, denied.

8. Admitted.

9. Admitted that on or about January 5, 2015, Thorco Agent, acting as agent for Defendant, executed a "Stevedore / Marine Terminal Freight handling proposal for Texas Terminals, LP – Houston, Texas." The remainder of the allegations contained herein are denied.

10. Admitted that, at all material times relevant hereto, Thorco Agent acted as the agent for Defendant. The remainder of the allegations contained

herein are denied.

11.  Admitted that, at all material times relevant hereto, Thorco Agent acted as the agent for Defendant. The remainder of the allegations contained herein are denied.

12.  Denied.

13.  Admitted that, at all material times relevant hereto, Thorco Agent acted as the agent for Defendant. The remainder of the allegations contained herein are denied.

14.  Denied.

15.  Denied.

16.  This paragraph does not require a response from Defendant.

Defendant denies that Plaintiff is entitled to the relief for which it prays.

### THIRD DEFENSE

Thorco Agent executed the proposal as an agent acting for a disclosed principal, Defendant, and is not liable on any agreement, if any, with Plaintiff and is an improperly joined party. Accordingly, because Thorco Agent is improperly joined, Defendant and Plaintiff are diverse, and the amount in controversy exceeds $75,000, this matter is properly removable.

### FOURTH DEFENSE

Defendant denies any contract or agreement existed with Plaintiff. Instead, Thorco Agent, acting as agent for Defendant, merely acknowledged a pricing

proposal provided by Plaintiff.

**FIFTH DEFENSE**

Defendant is not liable to Plaintiff because the alleged agreement is indefinite and not reasonably specific because it does not define or explain the meaning or terms of the allegedly "exclusive partnership." The alleged agreement does not expressly restrict Defendant's vessels from calling at other terminals within the Port of Houston, nor does it expressly obligate Defendant to exclusively use Texas Terminals' facilities.

**SIXTH DEFENSE**

Defendant is not liable to Plaintiff because the alleged agreement is ambiguous with respect to the concept of an "exclusive partnership" and its implication on the proposal or the rights and obligations of the parties, if any. Parol evidence, admissible to show the parties' intentions, demonstrates that the proposal did not require exclusive use of Texas Terminals' facilities.

**SEVENTH DEFENSE**

Defendant is not liable to Plaintiff because the original agreement, if any, was modified and Defendant complied with the terms of the modification.

**EIGHTH DEFENSE**

Defendant is not liable to Plaintiff because Plaintiff ratified Defendant's acts.

**NINTH DEFENSE**

Defendant is not liable to Plaintiff because Plaintiff waived Defendant's alleged breach.

PD.21426631.1

## TENTH DEFENSE

Defendant is not liable to Plaintiff because the alleged agreement, if any, was terminated and/or rescinded.

## ELEVENTH DEFENSE

Defendant is not liable to Plaintiff because the alleged agreement fails for lack of consideration.

## TWELFTH DEFENSE

Defendant is not liable to Plaintiff for the amount of damages claimed because Defendant is entitled to an offset.

## THIRTEENTH DEFENSE

Defendant is not liable to Plaintiff for the amount of damages claimed because Plaintiff did not mitigate its damages, if any.

## PRAYER

WHEREFORE, Defendant, Thorco Shipping A/S, prays that Plaintiff take nothing by its suit against Defendant; that Defendant have judgment in its favor; that Defendant recover its costs, fees, and expenses; and that Defendant be granted all such other and further relief, both general and special, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

BY:   */s/ Marcus R. Tucker*
     Marcus R. Tucker
     State Bar No. 20282360
     Fed ID No. 12769

     500 Dallas Street, Suite 1300
     Houston, Texas 77002
     Telephone: 713-626-1386
     Telecopier: 713-626-1388
     Email:  Marcus.Tucker@Phelps.com

**ATTORNEY-IN-CHARGE FOR DEFENDANTS, THORCO SHIPPING AMERICA, INC. & THORCO SHIPPING A/S**

**OF COUNSEL:**

PHELPS DUNBAR, LLP

Michael Edward Streich
State Bar No. 24079408
Fed ID No. 1339959
500 Dallas Street, Suite 1300
Houston, Texas 77002
Telephone: 713-626-1386
Telecopier: 713-626-1388
Email:  Michael.Streich@Phelps.com

Michael J. Thompson, Jr. *Pro Hac Vice to be Filed*
Louisiana Bar No. 33412
Mississippi Bar No. 103772
Michael.Thompson @Phelps.com
2602 13th Street, Suite 300
Gulfport, Mississippi 38501
Telephone: (228) 679-1130
Telecopier: (228) 679-1131

- 6 -

PD.21426631.1

- 7 -

## **CERTIFICATE OF SERVICE**

      I certify that on the 8th day of May 2017, a true and correct copy of the foregoing was served on the following parties in accordance with the Federal Rules of Civil Procedure:

Thomas O. Deen
Claire E. B. Garza
SCHOUEST, BAMDAS, SOSHEA & BENMAIER, PLLC
1001 McKinney St., Suite 1400
Houston, Texas 77002
*Attorneys for Plaintiff*

                                 */s/ Michael E. Streich*
                                 Of Phelps Dunbar, LLP